ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 20 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| DANA OBRYON BYARS, Individually<br>      Plaintiff,<br><br>vs.<br><br>PAWNMART, INC. a Foreign Corporation and DWAYNE MOYERS, d/b/a PAWNMART, INC. Individually<br>      Defendants.<br>_____ / | CASE NO.<br><br>1:07-CV-3174<br><br>JURY TRIAL DEMANDED<br><br>-JEC |

## COMPLAINT

### INTRODUCTION

Plaintiff, DANA OBRYON BYARS ("Plaintiff"), brings this action against Defendants PAWNMART, INC, and DWAYNE MOYERS, d/b/a PAWNMART, INC., Individually, by and through her attorney and alleges as follows:

1

1.

Plaintiff, DANA OBRYON BYARS, ("Plaintiff"), brings this action against Defendants PAWNMART, INC. and DWAYNE MOYERS, Individually and as a foreign Corporation, for minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended 29 U.S.C. § 216 (b) (the "FLSA"). Plaintiff was a Loan Processor, and performed related activities for Defendant in, among others, Gwinnett County Georgia. This action is brought under the FLSA to recover from Defendant minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

2.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C § 1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et. seq.

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (2).

## PARTIES

4.

Plaintiff Dana Obryon Byars is a resident of Monroe, Georgia, located in Walton County, and was employed by Defendant as a Loan Processor from December 12, 2005 until December 15, 2006.

5.

Defendant PAWNMART, INC. is a foreign corporation that operates, and conducts business in, among others, Gwinnett County, Georgia.

6.

At all times relevant to this action, Defendant Dwayne Moyers is Chief Executive Officer of PAWNMART, INC., who operates PAWNMART, INC., and who regularly exercises the authority to: (a) hire and fire employees of PAWNMART, INC., (b) determine the work schedules for the employees of PAWNMART, INC, and (c) control the finances and operations of PAWNMART, INC.  By virtue of having regularly exercised that authority on behalf of PAWNMART, INC.; DWAYNE MOYERS is an employer as defined by 29 U.S.C. 201 et. seq. Defendants may be served pursuant to Rule 4 of the Federal Rules of Civil

Procedure by service on Dwayne Moyers, 6400 Atlantic Boulevard, Suite 190, Norcross, Georgia, 30071.

## VIOLATIONS OF THE FLSA

7.

At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203 (r) and 203 (s).

8.

Plaintiff is also individually covered by the FLSA because she was engaged in interstate commerce during her employment with Defendant.

9.

At all times relevant Plaintiff has been an employee of Defendant within the meaning of the FLSA.

10.

At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because during her employment with Defendants, Plaintiff, was not paid her regular rate of pay for all hours worked in one or more weeks of employment with Defendants.

11.

Upon information and belief, the records, to the extent any exist concerning the number of hours worked and amounts paid to plaintiff, and those similarly situated to her, are in possession and custody of Defendant.

## COUNT -I RECOVERY OF MINIMUM WAGES

12.

Plaintiff reincorporates and readopts all allegations within Paragraphs 1-11.

13.

Plaintiff was entitled to be paid minimum wage for each hour she worked during her employment with Defendants.

14.

On or about November 2006, Plaintiff was told she had been overpaid by one-thousand dollars ($1000). Plaintiff wrote a check in the amount of five-hundred dollars ($500) to the Defendants to pay back the money.

15.

Defendants also deducted an additional one thousand seven-hundred twenty-six dollars and thirty one cents ($1726.31) from her subsequent paychecks thereby failing to pay her for all hours worked.

16.

Defendants also deducted amounts from Plaintiff's paychecks for vacation time that the Plaintiff never took, thus failing to pay minimum wage for all hours worked.

17.

Plaintiff's employment with the Defendants terminated on December 15, 2006. As a result of Defendant's action in this regard, Plaintiff has not been paid the minimum wage for each hour worked during the last two weeks of employment with Defendants.

18.

Defendants willfully failed to pay Plaintiff minimum wage for the last two weeks of work with Defendants contrary to 29 U.S.C. § 206.

19.

As a direct and proximate result of Defendants deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

20.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, demands judgment against Defendants for payment of the proper regular rate of pay for all hours worked for Defendant for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages;

2. For pre-judgment damages;

3. For post-judgment interest;

4. For cost of suit; and

5. For an award of attorneys' fees under applicable Georgia Statutes as to all unpaid wages claims; and

6. Such other further relief as the Court deems just and proper.

DATED this 19th day of December 2007.

DEIRDRE M. STEPHENS-JOHNSON,
GBN: 678789
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Phone: (404) 965-8811
Attorneys for Plaintiff